IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM SIMMONS,<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY,<br><br>Defendant. | ) | 2:19-CV-01617-CCW |

**MEMORANDUM ORDER REMANDING THE CASE TO STATE COURT**

This case is an insurance dispute regarding Plaintiff William Simmons' real property, which is located in Pennsylvania. The case is pending before the Court pursuant to federal diversity jurisdiction under 28 U.S.C. § 1332.

Plaintiff, a Pennsylvania resident, filed a complaint to initiate this action in the Court of Common Pleas of Allegheny County, Pennsylvania on July 31, 2019. ECF No. 1-2. At that time, Plaintiff's complaint contained four counts against the Illinois Defendant: (I) breach of contract; (II) bad faith; (III) violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTCPTL); (IV) unjust enrichment. *See generally*, ECF No. 1-2. On December 16, 2019, Defendant removed the case to this Court pursuant to 28 U.S.C. §§ 1441 and 1446, citing federal diversity jurisdiction. ECF No. 1 at 1.

Defendant moved to dismiss the Complaint on December 23, 2019. ECF No. 5. On January 15, 2020, Judge Nora Barry Fischer, who was presiding over the case at that time, ordered Plaintiff to file an amended complaint and denied Defendant's motion to dismiss as moot. ECF No. 10 at 2. Plaintiff moved for remand to state court on January 16, 2020, ECF No. 11, and filed

the First Amended Complaint on January 29, 2020, ECF No. 14. The Court denied Plaintiff's motion to remand on February 5, 2020, finding that federal diversity jurisdiction existed at that time because Plaintiff was a Pennsylvania citizen and Defendant was a citizen of Illinois and not a citizen of Pennsylvania, and because "Plaintiff has failed to demonstrate to a legal certainty that his breach of contract, bad faith insurance practices, UTPCPL and unjust enrichment claims do not seek in excess of the jurisdictional amount of $75,000." ECF No. 17 at 2–3.

Defendant moved to dismiss the First Amended Complaint on February 12, 2020. ECF No. 18. The Court granted Defendant's motion to dismiss the First Amended Complaint in part and denied it in part, ECF No. 22, which prompted Plaintiff to file the Second Amended Complaint on April 22, 2020, ECF No. 23. Defendant moved to dismiss the Second Amended Complaint on May 6, 2020. ECF No. 24.

On October 16, 2020, the Court granted Defendant's motion to dismiss the Second Amended Complaint with respect to Counts II (bad faith insurance practices), III (UTPCPL violation), and IV (unjust enrichment). ECF No. 42. The Second Amended Complaint is the operative complaint, and the only remaining cause of action in the case is Plaintiff's Count I for breach of the insurance policy at issue.

The case was transferred to the undersigned on October 23, 2020. ECF No. 43. After the parties completed fact discovery, they jointly filed a stipulation, ECF No. 71, that the amount in controversy does not exceed $75,000.

Despite that federal subject matter jurisdiction existed at the time of removal, *see* ECF No. 17, since three of the Plaintiff's four claims in this case have been dismissed, *see* ECF No. 42, and the parties agree that the amount in controversy no longer exceeds $75,000, ECF No. 71, the basis

for the Court's continuing jurisdiction over the dispute is supplemental jurisdiction. Pursuant to 28 U.S.C. § 1367(c), a district court may decline to exercise supplemental claim if:

> (1) The claim raises a novel of complex issue of State law,
>
> (2) The claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) The district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) In exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c)(1)–(4). Where § 1367(c) permits courts to exercise discretion to decline jurisdiction, courts also consider the values of judicial economy, fairness, and comity in deciding whether to exercise supplemental jurisdiction over non-federal claims. *Hartman v. Cadmus-Cenveo Co*., Civil Action No. 13-7494, 2014 U.S. Dist. LEXIS 131517, at *10 (E.D. Pa. Sept. 19, 2014); *see also*, *Whittaker v. CCIS N. of Phila*., Civil Action No. 10-1095, 2010 U.S. Dist. LEXIS 40707 (E.D. Pa. Apr. 22, 2010).

Here, the Court has supplemental jurisdiction over the claim in the Second Amended Complaint because, at the time of removal, Defendant properly invoked federal diversity jurisdiction. *See* ECF No. 17. However, the Court has discretion to remand the case under § 1367(c)(2) and (c)(3) because the Court has dismissed the claims that satisfied the federal subject matter jurisdictional amount in controversy under 28 U.S.C. § 1332. The only remaining claim is a state-law breach of contract claim that does not satisfy the amount in controversy requirement original federal diversity jurisdiction under § 1332. Given that the parties have stipulated to remand, remand will afford Plaintiff the opportunity to litigate in its chosen forum, and remand will permit a Pennsylvania court to adjudicate the issues of state law—the only issues that remain

in the case—the Court will exercise its discretion to remand the case to the Court of Common Pleas of Allegheny County, Pennsylvania. 28 U.S.C. § 1367(c).

IT IS HEREBY ORDERED that the Court declines to exercise supplement jurisdiction over the case pursuant to 28 U.S.C. § 1367(c).

IT IS FURTHER ORDERED that the case be remanded to the Court of Common Pleas of Allegheny County Pennsylvania forthwith.

DATED this 4th day of June, 2021.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record